ORIGINAL

FILED
APR 22 2015
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 14-1135T

(Filed: April 22, 2015)

| | |
|---|---|
| ************************************* ) <br> ) <br> **KENNETH BEATTY JR.,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES,** ) <br> ) <br> Defendant. ) <br> ) <br> ************************************* | Claim for refund of income taxes; suit precluded by action previously filed in Tax Court respecting the same taxes; I.R.C. § 6512(a) |

Kenneth E. Beatty, Jr., *pro se*, Spring Hill, FL.

Matthew D. Lucey, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Caroline D. Ciraolo, Principle Deputy Assistant Attorney General, and David I. Pincus, Chief, Court of Federal Claims Section, United States Department of Justice, Washington, D.C. Of counsel was G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

In this tax-refund case, plaintiff, Kenneth Beatty, Jr., seeks a refund of $110,955.64 in income taxes allegedly overpaid for tax years 1999 and 2000. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). For the reasons stated, the court grants that motion.

## BACKGROUND[1]

In November 2002, the Internal Revenue Service ("IRS") issued two statutory notices of deficiency to Mr. Beatty, informing him of "a deficiency (increase) in [his] income tax" for the years 1999 and 2000. *See* Mot. of the United States to Dismiss the Compl. ("Def.'s Mot.") Ex. 1 (Notices of Deficiency (Nov. 13, 2002)).[2] After receiving the notices, Mr. Beatty and his wife, Cheri C.A. Beatty, jointly filed a petition and then an amended petition in Tax Court challenging the deficiencies. *See id.* Ex. 2 (Pet. (filed Feb. 19, 2003) and Am. Pet. (filed July 2, 2003)). In their petitions, the Beattys disputed "(a) the entire amount that the Commissioner asserts is a deficiency in income tax; (b) the entire amount that the Commissioner asserts is an addition to tax for failure to file a timely return of income tax; and, (c) the entire amount that the Commissioner asserts is an addition to tax for failure [to] pay estimated taxes." *Id.* (Am. Pet. at 1-2). They averred that the purported deficiency determinations were based on an application of 26 C.F.R. § 301.6211-1(a) that "impermissibly broaden[ed] the scope of the statute, [26 U.S.C. ("I.R.C.")] § 6211(a)(1)(A), that it purports to implement." *Id.* (Am. Pet. at 2). Additionally, the Beattys argued that neither of them were required to file a federal income tax return because in 1999 and 2000 "neither . . . received an amount of income that obligated [either of them] to file." *Id.* (Am. Pet. at 4).

On September 24, 2003, the Commissioner moved to dismiss the Beattys' amended petition for failure to state a claim upon which relief can be granted. *See* Def.'s Mot. Ex. 3 at 1-3 (*Beatty v. Commissioner*, No. 002839-03, slip. op. (T.C. Nov. 5, 2003)). A hearing to address the Commissioner's motion was held on October 22, 2003 before the Tax Court in Washington, D.C. *See id.* at 1. The attorney for the Commissioner appeared and presented argument; however, Mr. Beatty was not present at the hearing, "nor did [he] file with the [c]ourt a written statement." *Id.* at 2. On November 5, 2003, the Tax Court issued an order granting the Commissioner's motion to dismiss. *Id.* The court did not "catalog [the Beattys'] arguments and painstakingly address them," reasoning that within the petition and amended petition "[t]here is neither assignment of error nor allegation of fact in support of any justiciable claim." *Id.* The Tax Court determined that the Beattys were liable for deficiencies and additions of the following amounts:

| Year | Deficiency | § 6651(a)(1) addition to tax | § 6654 addition to tax |
|---|---|---|---|
| 1999 | $31,063.00 | $4934.25 | $894.28 |
| 2000 | $21,215.00 | $5,303.75 | $1,133.17 |

---

[1]The recitation that follows does not constitute findings of fact by the court and is provided solely to establish a context for deciding the currently pending motion.

[2]Mr. Beatty alleges that the IRS failed to issue a statutory deficiency notice for 1999 and 2000 and maintains that "if [he] had taxable income on which the IRS believed he owed taxes and had not paid, a tax deficiency would have [been] issued." Compl. ¶ 8. The record refutes this factual representation, however. *See* Def.'s Mot. Ex. 1 (Notices of Deficiency (Nov. 13, 2002)).

2

*Id.* at 3.

On January 26, 2004, Mr. Beatty filed a motion in Tax Court to vacate the order of November 2003, dismissing his claims. *See* Def.'s Mot. Ex. 4 (Docket Entries, *Beatty v. Commissioner*, Docket No. 002839-03 (T. C.)). The Tax Court denied his motion on February 18, 2004. Mr. Beatty subsequently appealed from the Tax Court's decisions to the United States Court of Appeals for the Ninth Circuit, but his appeal was dismissed for failure to prosecute on December 14, 2004. *Id.*; *see also* Def.'s Mot. Ex. 5 (General Docket, *Beatty v. Commissioner*, No. 04-72741 (9th Cir.)). Later, when the Commissioner filed a notice of federal tax lien seeking collection of Mr. Beatty's tax liability, Mr. Beatty sought and received a Collection Due Process hearing with the IRS Office of Appeals. *See* Def.'s Mot. at 5. After the IRS Office of Appeals sustained the Commissioner's lien filing, Mr. Beatty filed a petition in the Tax Court in February 2006 seeking review of that decision. *Id.* The Commissioner moved for summary judgment, which the Tax Court granted. *Id.* Ex. 6. Again, Mr. Beatty appealed the Tax Court's decision to the United States Court of Appeals for the Ninth Circuit. *See Beatty v. Commissioner*, No. 07-72873, 2009 WL 567870, at *1 (9th Cir. Mar. 6, 2009). The Ninth Circuit affirmed the Tax Court's decision and granted costs to the government, noting that Mr. Beatty "was precluded from challenging the tax liabilities for 1999 and 2000 because he had disputed his tax liability previously in the tax court." *Id.* (citing I.R.C. § 6330(c)(2)(B)). In due course, the taxes at issue were paid in full "as a result of [a] tax credit transfer from year 1997 and . . . notices of levy issued to Scottrade Inc. to surrender Beatty's property or rights to property to the IRS." Compl. ¶ 5.

On May 24, 2012, Mr. Beatty filed a claim with the IRS for a refund in the amount of $110,955.64 for years 1999 and 2000. Compl. ¶ 6. Mr. Beatty identified as the basis for his claim that "any income [he] received for the years 1999 and 2000 [was] not taxable as contemplated under . . . [I.R.C. § 63]." Compl. ¶ 7. According to Mr. Beatty, "[t]he IRS denied [his] refund claim by failing to respond to it." Compl. ¶ 9.

Mr. Beatty filed a complaint in this court seeking a refund on November 21, 2014. *See* Compl. Subsequently, on January 23, 2015, the government filed its motion to dismiss for lack of subject matter jurisdiction. *See* Def.'s Mot.

## STANDARDS FOR DECISION

In every instance, before proceeding to the merits, the "court must satisfy itself that it has jurisdiction to hear and decide a case." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)) (internal quotation marks omitted). When considering a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A plaintiff seeking to establish jurisdiction bears the burden of "alleg[ing] in his pleading the facts essential to show [subject matter] jurisdiction." *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds*, 846 F.2d at 748.

The Tucker Act, 28 U.S.C. § 1346(a)(1), grants this court jurisdiction to consider federal tax-refund claims. *See Smith v. United States*, 495 Fed. Appx. 44, 48 (Fed. Cir. 2012); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *McCann v. United States*, 105 Fed. Cl. 120, 122 (2012), *aff'd*, 2012 WL 6839761 (Fed. Cir. 2012); *see also* I.R.C. § 7422(e), (j) (referring to the concurrent jurisdiction of this court, under the Tucker Act, and the district courts, under 28 U.S.C. § 1346(a)(1), to consider suits for tax refunds). The taxpayer, as the party seeking redress in this court, has the burden of establishing that jurisdiction exists by a preponderance of the evidence. *McCann*, 105 Fed. Cl. at 122; *see also Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991). To maintain a tax-refund suit in this court, the taxpayer must first pay the assessed tax in full, *Ledford*, 297 F.3d at 1382, and file an administrative claim for a tax refund with the IRS that complies with all regulations, *see* I.R.C. § 7422(a); *see also Duffy v. United States*, __ Fed. Cl. __, __, 2015 WL 648411, at *4 (2015). "[A] regulation requires the refund claim to 'detail each claimed ground for a refund, and provide sufficient facts to apprise the IRS of its basis.'" *Cearley v. United States*, 119 Fed. Cl. 340, 344 (2014) (quoting *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373, 375 (Fed. Cir. 1994) (in turn citing Treas. Reg. § 301.6402-2(b)(1))). If the IRS denies the claim, generally the taxpayer must file suit in this court within two years after the denial, *see* I.R.C. § 6532(a)(1), and then may only raise arguments that were previously presented to the IRS in the administrative claim, *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000); *see also Ottawa Silica Co. v. United States*, 699 F.2d 1124, 1138 (Fed. Cir. 1983) ("Together, [I.R.C. § 7422(a)] and [Treas. Reg. § 301.6402-2(b)(1)] preclude a taxpayer-plaintiff from substantially varying at trial the factual bases of its arguments from those raised in the refund claims it presented to the IRS.").

## ANALYSIS

This court's jurisdiction to adjudicate Mr. Beatty's claims is subject to I.R.C. § 6512. Titled "Limitations in case of petition to Tax Court," I.R.C. § 6512 provides, in pertinent part:

> (a) Effect of petition to Tax Court.--If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court . . . *no credit or refund of income tax for the same taxable year* . . . in respect of which the Secretary has determined the deficiency *shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court* . . .

I.R.C. § 6512(a) (emphasis added).[3]

All of the applicable circumstances listed in I.R.C. § 6512(a) are present in this instance. First, the IRS mailed notices of deficiency for 1999 and 2000 to Mr. Beatty. *See* Def.'s Mot. Ex. 1 (Notices of Deficiency (Nov. 13, 2002)). Second, Mr. Beatty previously filed a petition in the Tax Court for those years. *See* Def.'s Mot. Ex. 2 (Pet. (filed Feb. 19, 2003) and Am. Pet. (filed

---

[3]None of the six exceptions listed in I.R.C. § 6512(a)(1)-(6) to this preclusive limitation apply to Mr. Beatty's circumstances.

July 2, 2003)). Finally, Mr. Beatty's complaint in this court requests a tax refund for 1999 and 2000, the same years at issue in the Tax Court proceeding. *See* Compl.

Because I.R.C. § 6512(a) mandates that for claims previously filed in Tax Court, "no suit by the taxpayer for the recovery of any part of the tax [for the same taxable year] shall be instituted in any court," this court is precluded from hearing Mr. Beatty's tax claims. *See Wong v. United States*, 49 Fed. Cl. 553, 554-55 (2001) (holding that suit in Court of Federal Claims was barred because plaintiffs had previously filed a petition in Tax Court relating to the same taxes). Mr. Beatty previously filed petitions in the Tax Court contesting deficiencies for the years 1999 and 2000, and he subsequently challenged the Commissioner's notice of lien in the Tax Court. On both occasions, after receiving an unfavorable decision, he appealed to the United States Court of Appeals for the Ninth Circuit; in both instances, the Court of Appeals upheld the Tax Court's decision.[4] Accordingly, I.R.C. § 6512(a) bars this court from having juridical power to adjudicate Mr. Beatty's tax-refund claims.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Beatty's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

[4]*See* 26 I.R.C. § 7482(a)(1) ("The United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court.").